IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MARKIST MOORE,**

    **Plaintiff,**

v.

**BRYAN PRIMERAMO, et al.,**

    **Defendants.**

4:17-CV-990
(JUDGE MARIANI)

FILED
SCRANTON

NOV 1 4 2017

PER _____
    DEPUTY CLERK

## ORDER

The background of this Order is as follows:

On June 21, 2017, a document entitled "Motion to Vacate Memorandum and Order Request for Evidentiary Hearing" (Doc. 10) was filed by Plaintiff. The Motion appears to request that Magistrate Judge Carlson's Memorandum and Order (Doc. 8) denying Plaintiff's motion for appointment of counsel be "vacated and void" because the caption of the Memorandum and Order listed the case as civil number 3:17-cv-990 instead of 4:17-cv-990 and allegedly misspelled Defendant Primerano's name as Primeramo. (Doc. 10, at 1). The Motion also requests that both the Magistrate Judge and the undersigned recuse themselves "because unfair bias has already been shown." (*Id.*). Specifically, Plaintiff points to Magistrate Judge Carlson's quotation of the Third Circuit's decision in *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993), wherein that Court, quoting the Second Circuit, noted that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." (Doc. 8, at 3). Plaintiff seemingly

interprets this quotation as the Magistrate Judge finding that Plaintiff himself, and his case, are undeserving.

Plaintiff's assertion that Magistrate Judge Carlson's Memorandum and Order must be "vacated and void" due to two typographical errors is unavailing. Plaintiff's Complaint (Doc. 1) lists the first Defendant's name as Bryan Primeramo, not as Bryan Primerano. Regardless of the correct spelling of the defendant's name, the Magistrate Judge was correct in using the spelling provided by Plaintiff in the operative Complaint. With respect to the incorrect designation in the caption of 3:17-cv-990 instead of 4:17-cv-990, this typographical error was harmless and in no way prejudiced Plaintiff. It is beyond dispute that the Magistrate Judge's Memorandum and Order was filed in the correct case, as reflected by the docket, and that Plaintiff timely received a copy of the Memorandum and Order, as evidenced by this current motion being filed within a week of the filing of the Memorandum and Order[1].

Plaintiff's request that the undersigned recuse himself is equally without merit. First, the undersigned had no part in the Magistrate Judge's Memorandum and Order denying Plaintiff's motion for appointment of counsel. Second, the Magistrate Judge was merely quoting a Third Circuit case – the Magistrate himself never stated that Plaintiff and/or his case were undeserving. Finally, in light of this Court's dismissal of Plaintiff's Complaint, the Magistrate Judge was correct in his determination that Plaintiff's action lacked legal merit.

---

[1] The Court further notes that Plaintiff dated his Motion 6/16/17, merely two days after the Magistrate Judge issued his Memorandum and Order.

**ACCORDINGLY, THIS** 14th **DAY OF NOVEMBER, 2017**, upon consideration of Plaintiff's "Motion to Vacate Memorandum and Order Request for Evidentiary Hearing" (Doc. 10), **IT IS HEREBY ORDERED THAT** the Motion is **DENIED**.

Robert D. Mariani
United States District Judge